# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:10cv073

| | |
|---|---|
| DORIS S. FISHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 14] and the Defendant's Motion for Judgment on the Pleadings. [Doc. 19].

## I. PROCEDURAL HISTORY

The Plaintiff Doris Fisher filed an application for a period of disability and disability insurance benefits on March 22, 2005, alleging that she had become disabled as of May 15, 2000. [Transcript ("T." 91)]. That onset date was amended at the hearing to September 12, 2005. The Plaintiff's application was denied initially and on reconsideration. [T. 53-6, 58-60]. A hearing was held before Administrative Law Judge ("ALJ") Gregory Wilson on December

4, 2007. [T. 447-489]. On April 14, 2008, the ALJ issued a decision denying the Plaintiff benefits. [T. 13-29]. The Appeals Council originally remanded to correct a clerical agency error [T. 7-8], but then retracted that remand upon discovery that the presumed error did not in fact exist. Thereafter, the Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. 2-6]. The Plaintiff has exhausted his available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, see Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The Fourth Circuit has defined

2

"substantial evidence" as "more than a scintilla and [doing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401, 91 S.Ct. at 1427).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. Hays, 907 F.2d at 1456; Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. THE SEQUENTIAL EVALUATION PROCESS

In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant. 20 C.F.R. §§ 404.1520, 416.920. Second, the claimant must show a severe impairment. If the claimant does not show

3

any impairment or combination thereof which significantly limits the claimant's physical or mental ability to perform work activities, then no severe impairment is shown and the claimant is not disabled. Id. Third, if the impairment meets or equals one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the claimant is disabled regardless of age, education or work experience. Id. Fourth, if the impairment does not meet the criteria above but is still a severe impairment, then the ALJ reviews the claimant's residual functional capacity (RFC) and the physical and mental demands of work done in the past. If the claimant can still perform that work, then a finding of not disabled is mandated. Id. Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's RFC, age, education, and past work experience enable the performance of other work. If so, then the claimant is not disabled. Id.

## IV. THE ALJ'S DECISION

On April 14, 2008, the ALJ issued a decision denying the Plaintiff benefits. [T. 13-29]. Proceeding to the sequential evaluation, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since May 15, 2000, the originally alleged onset date (AOD). [T. 15]. The ALJ then determined that lumbar degenerative disc disease, status-post lumbar fusion,

4

fibromyalgia, obesity, depression, and diabetes were severe impairments. [T. 15]. The ALJ concluded that the Plaintiff's impairments did not meet or equal a listing. [T. 19]. He then determined that Plaintiff retained the residual functional capacity (RFC) to perform light work limited to standing three hours per day, walking two hours, not climbing ladders, scaffolds or ropes due to obesity, and to only occasional balancing, stooping, kneeling, crouching, crawling, climbing of stairs/steps, and public contact. [T. 20-1]. He found that Plaintiff was unable to perform her past relevant work, and was a younger individual with a high school education. [T. 27-8]. He found that jobs existed in significant numbers in the national economy that Plaintiff could perform. [T. 28]. Accordingly, he concluded that the Plaintiff was not disabled from May 15, 2000 through the date of his decision. [T. 29].

## V. DISCUSSION

Plaintiff asserts two assignments of error. Specifically, she challenges the ALJ's assessments of the medical opinion evidence and of her credibility. As discussed below, the Court finds no error.

### A. THE ALJ PROPERLY WEIGHED MEDICAL OPINION EVIDENCE.

Plaintiff complains that, in developing his residual functional capacity assessment (RFC), the ALJ improperly considered the opinion of a Single

5

Decision Maker, Kristina Murray. She also contests the attribution of no weight to the opinions of Dr. Zeisz and therapist John Miracle.

Plaintiff alleges that she is disabled by a combination of physical and mental impairments. The Plaintiff complains of the weight that the ALJ attributed to an assessment of her physical RFC by Kristina Murray, who notes her credentials on the form as "SDM 2."[1] [T. 287-294]. Plaintiff cites [Doc. 15 p. 4] to an earlier decision of this Court[2] indicating that the opinion of an SDM, standing alone, is not substantial evidence on which the ALJ can rely to satisfy his obligation to develop an RFC. Defendant argues that the ALJ did not rely solely on that SDM's opinion in determining that Plaintiff is not disabled. Rather, the Defendant contends that the ALJ considered all of the evidence available in Plaintiff's case record, including objective medical evidence other evidence, including opinions, from medical sources, as required by SSR 06-03p and 20 C.F.R. §§ 404. 1512 and 416.912.

The term "medical sources" refers to both "acceptable medical sources" and other health care providers who are not "acceptable medical sources." See 20 C.F.R. §§ 404. 1502 and 416.902. "Acceptable medical sources"

---

[1] An Agency acronym for Single Decision Maker, a person with no medical credentials.

[2] Jones v. Commissioner of Social Security, 1:09cv362 (W.D.N.C. 2010).

include treating sources, nontreating sources, and nonexamining sources. Id. Only "acceptable medical sources" can provide medical opinions. See 20 C.F.R. §§ 404.1527(a)(2) and 416.927(a)(2).

It is not disputed that the SDM Kristina Murray's RFC form is offered as a medical opinion. It is also clear that a SDM, having no medical credentials whatsoever, is not an "acceptable medical source" qualified to offer a medical opinion. Therefore, an ALJ cannot rely solely upon evidence from a SDM. See Nicholson v. Astrue, Civil No. 1:09cv271, 2010 WL 4506997 (W.D.N.C. 2010).

In this case, however, the ALJ did not rely exclusively upon the SDM's opinion in determining Plaintiff's physical RFC. Here, a physician, William Farley, M.D. filed a Case Analysis on July 29, 2005. [T. 286]. His credentials as a medical doctor entitle his opinion to consideration as accepted medical evidence. See 20 C.F.R. § 404.1527(a)(2). The ALJ cited "the opinions of State Agency medical consultants," and their findings for light work "with avoidance of heights and hazards." [T. 25]. This verbatim quote from Dr. Farley does more than is required under the applicable standard of review to demonstrate that the ALJ did not impermissibly rely on the SDM, but rather on an accepted medical source.

7

As to the weight attributable to Dr. Farley's opinion, his analysis demonstrates that while he did not examine the Plaintiff, he did review the medical evidence, including but not limited to the RFC opinion of the SDM. He clearly showed that his concurrence with the SDM's RFC for light work with "avoidance of heights and hazards" was his own considered medical opinion. Therefore, his opinion is entitled to some weight under the regulations. See 20 C.F.R. § 404.1527(d). The ALJ noted those elements, the fact that Dr. Farley's opinion was internally consistent and consistent with the record as a whole, and that no treating source offered an opinion on physical RFC. [T. 25, 27]. For these reasons Plaintiff has demonstrated no error in the weighing of the opinion evidence regarding her physical limitations.

Plaintiff asserts, in conclusory fashion, that the ALJ erred in disregarding the opinions and other evidence from Dr. Zeisz and John Miracle as to her mental impairments and limitations therefrom.

> The Secretary has provided guidelines for evaluating medical opinions regarding impairments and disability in regulation 20 C.F.R. § 404.1527. These ask the fact-finder to weigh: (1) the examining relationship (more weight to an examining than a non-examining physician); (2) the treating relationship (more weight to treating than consultative sources); (3) supportability (whether the report is based on detailed findings or merely conclusory); (4) consistency (internally and compared to the record as a whole);

8

(5) specialization (whether the source is board certified or whose qualifications are suspect); and (6) "other factors" (unspecified).

Vest v. Astrue, 2009 WL 899418, at *5 (S.D. W. Va. 2009).

The ALJ accurately identified Dr. Zeisz as a one-time examining consultant, and noted a litany of objective findings from her report showing Plaintiff to have adequate mental functioning. [T. 19]. He noted that her conclusion that Plaintiff had significant psychologically based limitations was internally inconsistent with those objective findings, and that, being the only indication of record that Plaintiff was disabled, her conclusion was also inconsistent with the record as a whole. [T. 26]. These bases for rejecting Dr. Zeisz's opinion are permissible and consistent with 20 C.F.R. § 404.1527. Plaintiff offers no contrary argument.

The ALJ noted that the period of treatment of the Plaintiff by John Miracle was minimal and focused on situational issues. [T. 17-18]. To be disabling, conditions must continue for at least twelve months; Mr. Miracle's treatment does not suggest that this requirement was met. 42 U.S.C. § 423(d)(1)(A). Further, as the ALJ noted, Miracle's credentials do not qualify him as an accepted medical source. [T. 27]. The ALJ therefore did not err in rejecting Miracle's opinion.

Plaintiff's counsel offers no specific reasoning for his assertion that the ALJ should have treated Dr. Zeisz's or John Miracle's opinions differently. For the reasons stated, the objection of the Plaintiff regarding the ALJ's treatment of the medical opinion evidence is without merit, and this assignment of error is overruled.

### B. THE ALJ'S ASSESSMENT OF PLAINTIFF'S CREDIBILITY FOLLOWED APPLICABLE LAW AND WAS SUPPORTED BY SUBSTANTIAL EVIDENCE.

Plaintiff contends that the ALJ assessed her credibility in an improper manner. [Doc. 15 p. 4-6]. She, however, offers no specifics in support of this assertion.

The determination of whether a person is disabled by non-exertional pain or other symptoms is a two-step process. "First, there must be objective medical evidence showing the existence of a medical impairment(s) . . . . which could reasonably be expected to produce the pain or other symptoms alleged." Craig v. Chater, 76 F.3d 585, 594 (4th Cir.1996). If there is such evidence, then the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects his ability to work." Id. at 595.

The ALJ found that Plaintiff had conditions which were severe and of the type that could be expected to cause her reported pain and mental symptoms.

The ALJ found, however, that her allegations regarding the extent of her pain were not supported by objective medical evidence. [T. 22-3]. There is substantial evidence to support this finding. For example, the Plaintiff testified that her back pain averaged seven or eight on a ten point scale, even with medication. [T. 461]. She further testified that she experienced three or four headaches per month which she described as migraines, and that hip and leg pain intruded on her sleep. [T. 464-5]. These subjective assertions by the Plaintiff, however, are inconsistent with the objective records of her physical condition. For instance, it was noted that Plaintiff was "doing quite well" and capable of lifting 40 pounds soon after back surgery, and had full range of motion without swelling after left knee surgery. [T. 23]. The Plaintiff further admitted that she had never been diagnosed with migraines and that taking over-the-counter medication mitigated her headaches. [T. 462]. Furthermore, as the ALJ noted, Plaintiff's treating physician had never prescribed her prescription pain medication [T. 23], and she received only sporadic medical treatment [T. 24]. Neither the record nor Plaintiff's brief suggests anything to the contrary. These are permissible considerations within the <u>Craig</u> analysis. "In considering the credibility of the claimant's subjective allegations of pain, the ALJ must consider (factors which include) the extensiveness of the attempts (medical or nonmedical) to obtain relief...." <u>McKenney v. Apfel</u>, 38

F.Supp.2d 1249, 1259 (D.Kan. 1999)(citing Hargis v. Sullivan, 945 F.2d 1482, 1490 (10th Cir. 1991)).

The ALJ also correctly noted that Plaintiff's mental condition does not limit her adaptive functioning, as evidenced by her activities of daily living. [T. 24]. Plaintiff's testimony was consistent with this finding. Plaintiff testified that she went places [T. 467], cooked one meal a day [T. 468], performed some chores [T. 476], drove her daughter to school daily, attended church "at least three times a month," visited friends, shopped and crocheted. [T. 477]. She further testified that she visited her father-in-law when he was in the hospital [T. 474]. The ALJ's unchallenged dismissal of the only medical opinions about her mental limitations [T. 25-7] leaves only Plaintiff's own testimony for his consideration, and such testimony indicates only non-disabling limitations. "Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir.1984). There is substantial evidence in the record to support the ALJ's credibility findings.

## VI. CONCLUSION

For the foregoing reasons, the Court concludes that the ALJ applied the correct legal standards, and that there is substantial evidence to support the ALJ's finding of no disability from the date of onset to the date of his decision.

## O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Judgment on the Pleadings [Doc. 19] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 14] is **DENIED.**

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: October 19, 2011

Martin Reidinger
United States District Judge